IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. 2:24-cv-10892 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KALE K. ROSCOE, JR., | ) | |
| LISA E. ROSCOE, | ) | |
| WILLIAM T. O'CONNOR, | ) | |
| PROVIDENT TRUST GROUP, LLC, | ) | |
| CHASE MORTGAGE COMPANY, and | ) | |
| MACOMB COUNTY TREASURER, | ) | |
| | ) | |
| *Defendants.* | ) | |

**COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, and at the direction of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury pursuant to 26 U.S.C. § 7401, brings this civil action to collect the federal tax liabilities of Kale K. Roscoe, Jr., by enforcing the federal tax liens and judgment lien associated with those liabilities through a judicial sale of certain real property belonging to Kale K. Roscoe, Jr. and Lisa E. Roscoe but titled to Lisa E. Roscoe due to a fraudulent transfer and via lien tracing. For its Complaint, the United States alleges as follows:

1

## Jurisdiction and Parties

1.	The district court has jurisdiction under 26 U.S.C. § 7402(a) and 7403 and 28 U.S.C. §§ 1331, 1340, and 1345.

2.	Defendant Kale K. Roscoe, Jr. resides in Macomb County, Michigan, within the jurisdiction of this Court.

3.	Defendant Lisa E. Roscoe resides in Macomb County, Michigan, within the jurisdiction of this Court.

4.	Defendant William T. O'Connor is joined as a party because he may have a lien or claim an interest in the property described below.

5.	Defendant Provident Trust Group, LLC, is joined as a party because it may have a lien or claim an interest in the property described below.

6.	Defendant Chase Mortgage Company is joined as a party because it may have a lien or claim an interest in the property described below.

7.	Defendant Macomb County Treasurer is joined as a party because as the local taxing authority, it may have a lien or claim an interest in the property described below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

8. The real property upon which the United States seeks to enforce its liens and judgment is located at 8953 Orchard Drive, Shelby Township, Michigan 48317 ("Real Property"), and has a legal description as follows:

> Lots(s) 28 of FOREST LAKE SUBDIVISION, according to the plat thereof recorded in Liber 89 of Plats, page(s) 18, 19, 20, 21, 22, and 23 of Macomb County Records
>
> More commonly known as: 8953 Orchard

Meaning to describe property conveyed to Kale K. Roscoe, Jr. and Lisa E. Roscoe, husband and wife, by warranty deed dated February 8, 2002, and recorded with the Macomb County Register of Deeds as document number 2122900, Liber 11732, Page 498 on May 13, 2002.

**The Government's Fraudulent Transfer Allegations**

9. The United States incorporates by reference paragraphs 1 through 8 as if specifically realleged herein.

10. By quitclaim deed dated February 10, 2010, Defendants Kale K. Roscoe, Jr. and Lisa E. Roscoe conveyed the Real Property to Lisa E. Roscoe for the sum of ten dollars. A copy of the deed was recorded with the Macomb County Register of Deeds as document number 75047, Liber 20309, Page 659 on June 22, 2002. A copy of the deed is attached as Exhibit A.

3

11. Upon information and belief, Defendants Kale K. Roscoe, Jr. and Lisa E. Roscoe sought to break the tenancy by the entireties by transferring title of the Real Property to Lisa E. Roscoe for $10.00.

12. Upon information and belief, at the time of the transfer, Kale K. Roscoe, Jr. had accrued substantial liabilities to the Internal Revenue Service as described in paragraph 23, below.

13. Upon information and belief, Kale K. Roscoe, Jr. has paid all expenses associated with the Real Property, including making mortgage payment and paying property taxes during all relevant periods, as Kale K. Roscoe, Jr. took mortgage interest and property tax deductions on his federal income tax returns.

14. Upon information and belief, Lisa E. Roscoe did not have and has not had sufficient income to pay the mortgage or the property taxes for the Real Property.

15. Kale K. Roscoe, Jr., transferred record title of the Real Property to Lisa E. Roscoe with the actual intent to hinder, delay, or defraud the creditors of Kale K. Roscoe, Jr., including the United States, and, thus, was fraudulent.

16. Kale K. Roscoe, Jr., transferred record title to the Real Property to Lisa E. Roscoe without receiving a reasonably equivalent value in exchange for the Real Property from Lisa E. Roscoe, and the transfer was made at a time when Kale K. Roscoe, Jr. was engaged or was about to engage in a business or transaction for

4

which his remaining assets were unreasonably small in relation to the business or transaction, and as such, the transfer of the Real Property in this manner was fraudulent as to his creditors, including the United States.

17. Kale K. Roscoe, Jr., transferred record title of the Real Property without receiving a reasonably equivalent value in exchange for the Real Property from Lisa E. Roscoe, and the transfer was made at a time when Kale K. Roscoe, Jr. intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due, and as such, the transfer of Real Property in this manner was fraudulent as to his creditors, including the United States.

18. Kale K. Roscoe, Jr.'s federal income tax liabilities for the 2006 tax year arose before he transferred record title of the Real Property to Lisa E. Roscoe.

19. Kale K. Roscoe, Jr., transferred record title of the Real Property without receiving a reasonably equivalent value in exchange for the Real Property from Lisa E. Roscoe, and the transfer was made at a time when Kale K. Roscoe, Jr. was insolvent or became insolvent as a result of the transfer.

20. Upon information and belief, on July 20, 2023, Kale K. Roscoe, Jr., was a party to a mortgage on the Real Property after signing the quitclaim deed allegedly transferring his rights in the Real Property to Lisa E. Roscoe in 2010.

21. Pursuant to 26 U.S.C. § 7403, the United States is entitled to judgment finding that Lisa E. Roscoe is the mere nominee of Kale K. Roscoe, Jr., and that Kale K. Roscoe, Jr., is the true and equitable owner of the Real Property. Alternatively, the transfer made by Kale K. Roscoe, Jr., was a fraudulent transfer and should be set aside and treated as void as to the United States.

22. The United States is entitled to enforce the federal tax liens described in paragraph 23 against the Real Property pursuant to 26 U.S.C. § 7403 and have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of parties, including any rights of redemption, with the proceeds of the sale distributed, first to pay the costs of the sale, including any rights of redemption, with the proceeds of the sale distributed, first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to Macomb County, Michigan to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has superior right, title, claim, lien, or interest.

## Kale K. Roscoe, Jr.'s Tax and Judgment Liabilities

23. A delegate of the Secretary of the Treasury made assessments against Defendants Kale K. Roscoe, Jr., for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of December 3, 2023, including assessed and accrued late-filing and late-payment penalties under Section 6651 of the Internal Revenue Code, costs, and statutory interest, and after applying any abatements, payments, and credits as follows:

| **Type** | **Tax period ending** | **Assessment date** | **Assessment amount** | **Balance due as of 12/3/23** |
|---|---|---|---|---|
| 1040 | 2006 | 3/26/2012 | $23,998.62 | $34,838.98 |
| | | 1/13/2014 | $8,509.75 | |
| 1040 | 2010 | 1/13/2014 | $17,562.40 | $33,228.66 |
| 1040 | 2014 | 5/2/2016 | $9,174.58 | $7,860.35 |
| 1040 | 2015 | 7/4/2016 | $25,731.78 | $20,765.29 |
| | | 10/24/2016 | $255.69 | |
| **Total** | | | | $96,693.28 |

24. On or about the dates of the assessments described in paragraph 23, a delegate of the Secretary of the Treasury gave notice to and made a demand for payment of the balance due upon, Kale K. Roscoe, Jr.

25. Notices of Federal Tax Lien ("NFTLs") were filed with the Register of Deeds of Macomb County, Michigan, in accordance with 26 U.S.C. § 6323(f) for tax years 2006, 2010, 2011, and 2014 on June 23, 2016.

26. On February 1, 2017, the United States filed a suit in this Court to reduce to judgment the federal tax assessments listed in paragraph 23. *See United States v. Kale K. Roscoe and Lisa E. Roscoe*, Case No. 2:17-cv-10316-SJM-APP (E.D. Mich.).

27. On January 31, 2018, the Court entered default judgment against Kale K. Roscoe, Jr., and Lisa E. Roscoe, jointly and severally, for their outstanding federal income tax liability for the tax year ending December 31, 2001, in the amount of $30,542.56, plus statutory additions from and after January 5, 2018. The court also entered default judgment against Kale K. Roscoe, Jr., for his federal income tax liabilities for the tax years ending December 31, 2006, December 31, 2010, December 31, 2014, and December 31, 2015, the amount of $126,084.22, plus statutory additions from and after January 5, 2018. *See United States v. Kale K. Roscoe and Lisa E. Roscoe*, Case No. 2:17-cv-10316-SJM-APP, Doc. 21.

28. On March 19, 2018, the United States filed a Satisfaction of Judgment regarding the joint liability. The United States acknowledged that the judgment against Defendants Kale K. Roscoe, Jr., and Lisa E. Roscoe, jointly and severally, in the amount of $30,542.65 had been satisfied. The Satisfaction of Judgment

noted that the judgment entered against Kale K. Roscoe, Jr., in favor of the United States in the mount of $126,084.22, plus statutory additions accruing from and after January 5, 2018, remained unsatisfied.

29. On April 16, 2018, Kale K. Roscoe, Jr., entered into a settlement agreement with the United States in which he agreed to pay the United States $2,000 per month until the judgment was satisfied in full, however, Kale K. Roscoe, Jr., has not made a required payment to the United States since November 2018.

30. Despite the notices of the liabilities, demands for payment and default judgment, Kale K. Roscoe, Jr., failed, neglected, or refused to pay in full the liabilities described in paragraph 22, and after the application of all accruals, abatements, fees, and costs, payments, and credits, he remains indebted to the United States for those tax periods in the amount of $96,693.28, plus statutory additions as of December 3, 2023.

**Claim Against All Parties to Enforce Judgment Against Real Property**

31. The United States incorporates by reference paragraphs 1 through 30 as if specifically realleged herein.

32. As of the dates of assessment listed in paragraph 23 above, federal tax liens associated with Kale K. Roscoe, Jr.'s, tax liabilities arose and attached to all of Kale Roscoe's property and rights to property. 26 U.S.C. § 6321.

33. Lisa Roscoe holds title to the Real Property due to a fraudulent transfer that she completed with Kale K. Roscoe, Jr., Kale K. Roscoe, Jr. is the property's true owner. Accordingly, the federal tax liens and judgment lien described above have attached to the Real Property.

34. Lisa E. Roscoe holds the Real Property as a resulting trust for Kale K. Roscoe, Jr., because when Kale K. Roscoe, Jr., transferred the Real Property, the circumstances raise an inference that he did not intend for Lisa E. Roscoe to have the beneficial interest therein. Accordingly, the federal tax liens and judgment lien described above have attached to the Real Property.

35. The United States is entitled to enforce the federal tax liens and judgment lien described above against the Real Property pursuant to 26 U.S.C. § 7403 and to have the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second, to Macomb County Treasurer to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, Plaintiff United States of America requests the following relief:

A. A determination that Lisa E. Roscoe is the mere nominee of Kale K. Roscoe, Jr., and that Kale K. Roscoe, Jr., is the true and equitable owner of the Real Property, or, in the alternative, that Kale K. Roscoe, Jr., fraudulently transferred the Real Property to Lisa E. Roscoe and that such transfer is set aside and void as to the United States;

B. An order imposing a resulting trust over the Real Property for the benefit of the creditors of Kale K. Roscoe, Jr., such as the United States, to the extent that payment of the mortgage and property taxes was provided by Kale K. Roscoe, Jr.;

C. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Real Property by ordering the sale of the entire Real Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of parties, including any rights of redemption, with the proceeds of the sale distributed, first to pay the costs of the sale, including any rights of redemption, with the proceeds of the sale distributed, first, to pay the costs of sale, including any expenses incurred to secure and maintain the Real Property; second,

to Macomb County Treasurer to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has superior right, title, claim, lien, or interest; and

   D. The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

               Respectfully submitted,

               DAVID A. HUBBERT
               Deputy Assistant Attorney General

               */s/ Kimberly R. Parke*
               KIMBERLY R. PARKE
               Trial Attorney, Tax Division
               U.S. Department of Justice
               P.O. Box 55
               Washington, D.C. 20044
               202-353-0300 (v)
               202-514-5238 (f)
               Kimberly.Parke@usdoj.gov

Of Counsel:

DAWN N. ISON
United States Attorney
Eastern District of Michigan

KEVIN ERSKINE (P69120)
Assistant United States Attorney
Eastern District of Michigan
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: (313) 226-9610
Email: Kevin.Erskine@usdoj.gov