UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:24-cv-10892

HONORABLE STEPHEN J. MURPHY, III

v.

KALE K ROSCOE, JR, et al.,

    Defendants.

_____/

**ORDER GRANTING JOINT MOTION**
**FOR STAY AND ADMINISTRATIVELY CLOSING CASE [16]**

    The Government sued Defendants Kale Roscoe, Lisa Roscoe, William O'Connor, Provident Trust Group, Chase Mortgage Company, and Macomb County Treasurer to enforce "the federal tax liens and judgment lien associated with" Defendant Kale Roscoe's "federal tax liabilities." ECF 1, PgID 1. Before all Defendants had answered the complaint, the parties jointly moved to stay the case. ECF 16. The parties explained that Defendant Kale Roscoe "has committed to paying the unpaid federal tax liabilities that form the basis of this case by October 10, 2024." *Id.* at 36. If he makes the payments, "the case can be dismissed." *Id.* at 37. If not, "then the case can resume as it normally would." *Id.* The parties therefore requested that the Court stay the case until October 31, 2024. *Id.* After review, the Court finds that the stay is warranted and will grant the motion.

    Further, because the case will lie dormant for many months, the Court will administratively close the case. "Administrative closures are a tool of docket

1

management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Administrative closures "amount to an essentially ad hoc way in which courts remove cases from their active files without making any final adjudication." *Id.* (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Absent strange circumstances, "a decision to administratively close a case in and of itself" "does not create appellate jurisdiction." *Id.*; *see Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 294–96 (4th Cir. 2008) (collecting cases for the proposition that an "administrative closing" order "does not independently satisfy the finality mandate of [28 U.S.C.] § 1291").

Once the case is administratively closed, the parties may move to reopen the case if any issue arises that requires a Court ruling.

**WHEREFORE**, it is hereby **ORDERED** that the joint motion for a stay [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STAY** the above case until **October 31, 2024**.

**IT IS FURTHER ORDERED** that Clerk of the Court must **ADMINISTRATIVELY CLOSE** the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 12, 2024